# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN REBECCA CAMMACK, | § | |
| | § | |
| V. | § | A-17-MC-557-SS |
| | § | |
| GIAN GABRIELE FOSCHINI | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court is Susan Cammack's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Financial Affidavit in Support, along with her Motion for Enforcement to Pay Child Support (Dkt. No. 1). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Cammack's Application to Proceed *In Forma Pauperis*, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Cammack *in forma pauperis* status and **ORDERS** her Motion be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Cammack is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs

of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of Cammack's Motion and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendant.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Cammack has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Motion, which this Court construes as a Conplaint, under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Federal question jurisdiction, which is alleged in this case, requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If the court does not have subject matter jurisdiction, it must dismiss the case. Moreover, "the court has an affirmative duty to raise [ ] issues regarding subject matter jurisdiction, sua sponte, whenever a problem with subject matter jurisdiction is perceived." *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 39 F.3d 650, 652 n.1 (5th Cir. 2005)); *Tex. Div., Sons of Confederate Veterans v. Vandergiff*, 759 F.3d 388, 392 (5th Cir. 2014) rev'd on other grounds, 135 S. Ct. 2236 (2015) ("Neither party has argued that this court lacks jurisdiction, but federal courts have a duty to consider their subject matter jurisdiction sua sponte."). A pro se plaintiff's mere assertion of a federal statute, which clearly does not apply, is insufficient to invoke federal question jurisdiction. *See, e.g.*, *Lopez v. Kora*, 3:12-CV-0510-M BK, 2012 WL 1242376, at *2 (N.D. Tex. Mar. 12, 2012) (dismissing sua sponte a pro se plaintiff's case for lack of subject matter jurisdiction because the federal statutes cited did not provide a cause of action that applied to the plaintiff's claims), report and recommendation adopted, 3:12-CV-0510-M BK, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012).

The gravaman of Cammack's Motion to Enforce is a request that the Court enforce the child support requirement contained in her Texas Divorce Decree, pursuant to a federal criminal statute, the Child Support Recovery Act ("CSRA"), 18 U.S.C. § 228. The CSRA, as amended by the Deadbeat Parents Punishment Act of 1998, 18 U.S.C. § 228, makes it a federal crime to willfully fail to pay child support obligation to a child in another state. The Act was intended by Congress to strengthen state efforts to enforce child support obligations against parents who flee across state lines. The Act "addresses the growing problem of interstate enforcement of child support by punishing certain persons who intentionally fail to pay their child support obligations." H.R. Rep.

3

No. 102-771, at 4 (1992). The Act, however, is a criminal statute and does not create an implied private right of action on behalf of custodial parents. *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 311 (2d Cir. 2000).

Cammack is seeking to initiate a criminal proceeding against her ex-husband in federal court, and she cannot. Private citizens generally have no standing to institute federal criminal proceedings. *See Keenan v. Mcgrath*, 328 F.2d 610, 611 (1st Cir. 1964) (holding that a private individual could not initiate a criminal prosecution in his own name in a United States District Court). The federal government—not private parties—prosecutes violations of federal criminal law in federal court. Even if an individual is the victim of a criminal act, that individual "do[es] not have a constitutional right to the prosecution of alleged criminals." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009).

The Court therefore finds that Cammack's claims brought pursuant to 18 U.S.C. § 228 should be dismissed as frivolous, for lack of jurisdiction, and for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Cammack *in forma pauperis* status (Dkt. No. 2). Service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court **DISMISS** Cammack's claims.

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of June, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

5